UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. CR 21-804 MV

JORGE ZUBIATE-RASCON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Jorge Zubiate-Rascon's Motion for Sentence Reduction Under U.S.S.G. 821 Amendment. Doc. 76. The government filed a Response. Doc. 77. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Zubiate-Rascon is not eligible for a reduction and the motion must be denied.

## DISCUSSION

On April 18, 2023, Mr. Zubiate-Rascon plead guilty to Count 1 of a one-count Information charging him with Attempted Possession with Intent to Distribute 500 Grams and More of Cocaine, in violation of 21 U.S.C. § 846. Doc. 62. The mandatory minimum sentence for this conviction is 60 months in custody. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to a specific sentence of 60 months. On December 18, 2023, this Court accepted the plea agreement and sentenced Mr. Zubiate-Rascon to 60 months in custody. Doc. 75.

Pursuant to 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment" for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that

1

has" been (1) "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" 18 U.S.C. § 3582(c)(2), and (2) "made retroactive pursuant to [28 U.S.C.] § 994(u)." 2 *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)). When Mr. Zubiate-Rascon's Presentence Investigation Report was prepared, his base offense level under the United States Sentencing Guidelines was 27, which with a Criminal History Category of I, resulted in a Guidelines range of 70 to 87 months. Under Amendment 821 to the United States Sentencing Guidelines, which became effective on November 1, 2023 and which the Sentencing Commission made retroactive, certain defendants with zero criminal history points can receive a two level reduction to their base offense level. Applying § 4C1.1, as amended, Mr. Zubiate-Rascon's offense level would be 25 and his Guidelines range would be 57 to 71 months.

Although his Guidelines range has been lowered by the Amendment, the Court already sentenced Mr. Zubiate-Rascon to the minimum term of imprisonment required for his conviction. Unless the Court previously had the authority to impose a sentence below the mandatory minimum due to a defendant's substantial assistance, nothing in the statute governing reductions (18 U.S.C. § 3582(c)(2)) or in its corresponding section of the Guidelines (U.S.S.G. § 1B1.10) authorizes a court to go below the applicable mandatory minimum, even if the defendant's Guidelines range has been lowered by an amendment. Since the Court was not originally authorized to go below the mandatory minimum, and he was already sentenced to the mandatory minimum of 60 months, he is not eligible for a sentence reduction and his motion must be denied.

**IT IS THEREFORE ORDERED THAT** Mr. Zubiate Rascon's Motion for Sentence Reduction Under U.S.S.G. 821 Amendment [Doc. 76] is denied.

ENTERED this 28th day of April 2025.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE